Form B18 (Official Form 18)(12/03)

# United States Bankruptcy Court

Middle District of Tennessee – LIVE
Case No. **3:04–bk–08392–KML**
**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):
   LARRY HOLT COX SR
   818 CAMMACK CT
   NASHVILLE, TN 37205

Social Security No.:
   xxx–xx–5154

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                                                      BY THE COURT

Dated: 10/28/04                                       KEITH M. LUNDIN
                                                      United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f. Some debts which were not properly listed by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**
The staff of the bankruptcy court clerk's office cannot give legal advice.

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE OF SERVICE

```
District/off: 0650-3        User: las9975          Page 1 of 1              Date Rcvd: Oct 28, 2004
Case: 04-08392              Form ID: b18           Total Served: 6
```

```
The following entities were served by first class mail on Oct 30, 2004.
db        +LARRY HOLT COX, SR,    818 CAMMACK CT,    NASHVILLE, TN 37205-3002
aty       +MARTIN C. GINER,    GINER AND WOOD,    222 2ND AVE N STE 326,    NASHVILLE, TN 37201-1659
tr        +JEANNE BURTON GREGORY,    GIBSON, GREGORY & GWYN, PLLC,    201 4TH AVE N STE 1900,
            NASHVILLE, TN 37219-2009
ust       +US TRUSTEE,    OFFICE OF THE UNITED STATES TRUSTEE,    701 BROADWAY STE 318,
            NASHVILLE, TN 37203-3966
1940545   +FIRST BANK,    200 4TH AVE N,    NASHVILLE, TN 37219-2114
1940546   +RUSNAK, JOSEPH P,    TUNE ENTREKIN & WHITE PC,    315 DEADERICK ST STE 2100,
            NASHVILLE, TN 37238-2100

The following entities were served by electronic transmission.
NONE.                                                                                       TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 30, 2004**                               **Signature:** _Joseph Speetjens_